United States District Court
Southern District of Texas
**ENTERED**
December 18, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TARLTON PITTARD, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 4:15-CV-3753 |
| § | |
| RED RIVER OILFIELD SERVICES, LLC; § | |
| dba RED RIVER TECHNICAL SERVICES, § | |
| LLC, § | |
| § | |
| Defendants. § | |

## ORDER AND OPINION

Before the Court are Defendant's Motion for Summary Judgment (Document No. 25), Defendant's Memorandum of Law in Support of its Motion for Summary Judgment (Document No. 26), Plaintiff's Response to Defendant's Motion for Summary Judgment (Document No. 28), and Defendant's Reply in Support of its Motion for Summary Judgment (Document No. 29). After considering these documents, the facts in the record, and the applicable law, the Court concludes that Defendant's Motion for Summary Judgment (Document No. 25) is GRANTED.

### FACTS

Plaintiff Tarlton Pittard worked for Defendant Red River Oilfield Services as an electromagnetic inspection helper (EMI helper) from September 2014 to December 2015. While working for Defendant, Plaintiff would assist electromagnetic inspectors with the inspections for various oil company clients. Initially, Plaintiff was hired to work at drill sites in South Texas, but when the work in South Texas "dried up," Plaintiff was given the choice to move to West Texas where work for the company was still plentiful. Document No. 27 at 7, 28. Plaintiff refused to relocate and decided to travel to the worksite wherever it was located. Document No. 27 at 28.

To get to the worksites, which were generally in West Texas and New Mexico, Plaintiff frequently rode in a company truck with the lead inspector, Harley Carranza. At no time did Plaintiff drive the truck. On several occasions towards the end of his employment with Defendant, Plaintiff drove himself in his personal vehicle to the worksite.

Before beginning work several times per week, Plaintiff would arrive at the company shop in whatever region he was working. Sometimes Plaintiff would assist in picking up supplies or picking up a trailer that was necessary for any work they were going to do at the worksite. Other times, Plaintiff and the driver of the company truck would drive straight to the worksite.

In December 2015, Plaintiff submitted his letter of resignation to Defendant stating that he was leaving Defendant because of "hours and money continually missing from [his] checks." Document No. 28-3 at 1. Plaintiff then filed this lawsuit against Defendant under the Fair Labor Standards Act of 1938 (FLSA), alleging that Defendant failed to pay him for all of the hours he worked. Defendant then filed this Motion for Summary Judgment.

## STANDARD OF REVIEW

"A party is entitled to summary judgment if it can demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). If the moving party does not have the burden of proof at trial, "the moving party may demonstrate that it is entitled to summary judgment by submitting affidavits or other similar evidence negating the nonmoving party's claim, or by pointing out . . . the absence of evidence necessary to support the nonmoving party's case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). The nonmoving party must then present evidence "to support the essential elements of its claim on which it bears the burden of proof at trial." *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd.*, 40 F.3d 698, 712

(5th Cir. 1994). The Court will consider the evidence in the light most favorable to the nonmoving party. *Id.* at 713. "A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

## DISCUSSION

### A. Compensable Hours

Under the FLSA, employers must pay their non-exempt employees overtime pay for all hours worked over forty hours per week. 29 U.S.C. § 207(a)(1). Congress, however, limited the types of compensable hours in the Portal-to-Portal Act. 29 U.S.C. § 254(a). Under the Act, employers do not have to compensate their employees for time spent "traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and activities which are preliminary to or postliminary to said principal activity or activities." *Id.*

The statute does not define "principal activity", but over the years, the Supreme Court has interpreted the term "to include all activities that are an 'integral and indispensable part of the principal activities.'" *Bridges v. Empire Scaffold, L.L.C.*, 875 F.3d 222, 225–26 (5th Cir. 2017) (quoting *Integrity Staffing Sols., Inc. v. Busk*, 135 S. Ct. 513, 517 (2014)). "[A]n activity is not integral and indispensable to an employee's principal activities unless it is an intrinsic element of those activities and one with which the employee cannot dispense if he is to perform those activities." *Busk*, 135 S. Ct. at 518. In determining which activities are integral and indispensable, the Supreme Court often looks to the Department of Labor's regulations:

> As an illustration, those regulations explain that the time spent by an employee in a chemical plant changing clothes would be compensable if he "c[ould not] perform his principal activities without putting on certain clothes" but would not be compensable if "changing clothes [were] merely a convenience to the

employee and not directly related to his principal activities."

*Id.* (alterations in original) (quoting 29 C.F.R. § 790.8(c)).

Here, Plaintiff claims that he was not compensated for his drive time when he drove to West Texas and New Mexico and when he drove from the company shop to the worksite. Document No. 28 at 3–4. First, the time it took for Plaintiff to drive to West Texas or New Mexico from his home in South Texas regardless whether Plaintiff was the driver is not compensable. Traveling from home to work and back is not compensable under the FLSA. 29 U.S.C. § 254(a)(1).

Just as the Fifth Circuit held in *Vega v. Gasper*, Plaintiff chose where he lived and how to get to and from work. 36 F.3d 417, 425 (5th Cir. 1994) *abrogated on other grounds by Bridges*, 875 F.3d at 227. In *Vega*, the Fifth Circuit held that the time workers spent on company buses driving to the jobsite was not compensable because the workers were not required to ride to work on the buses, performed no work prior to or while on the buses, and did not complete any activity that was integral to their principal activity of picking peppers while on the buses. *Id.* That the employer owned the buses did not transform that time into compensable time, nor did the fact that the workers traveled up to four hours a day in those buses to and from the fields. *Id.*

Plaintiff was given the option to move to West Texas where the company jobs were located or to stay in South Texas and drive out whenever a job was available. Plaintiff made the choice to stay in South Texas and drive. That Plaintiff frequently rode in the company truck out to West Texas does not make the drive time compensable. The length of the drive also does not make that time compensable. Plaintiff was not required to live in South Texas and drive out to West Texas, nor was he required to ride in the company truck to get to West Texas. These were choices that Plaintiff made. As such, the drive time was not integral and indispensable to

Plaintiff's job as an EMI helper and is therefore not compensable.[1]

Plaintiff's drive time from the company shop to the jobsite, however, is a different story. On the days that Plaintiff and the driver of the company truck would drive to the company shop, Plaintiff would usually gather supplies and equipment needed for the job. He would also assist the driver in hooking up a trailer to the truck, which contained more equipment needed to perform the inspections at the various jobsites. The time Plaintiff spent completing these activities and the drive time from the company shop to the jobsite are compensable under the Portal-to-Portal Act because those hours are integral and indispensable to Plaintiff's job as an EMI helper. Even though the activities performed at the company shop are not part of Plaintiff's principal responsibilities, without the trailer and the other supplies and equipment, Plaintiff and the other EMI helpers would not be able to perform their duties at the jobsite. *See Busk*, 135 S. Ct. at 517 ("An activity is therefore integral and indispensable to the principal activities that an employee is employed to perform if it is an intrinsic element of those activities and one with which the employee cannot dispense if he is to perform his principal activities."). The activities at the company shop, therefore, are "integral and indispensable to the principal activities which [Plaintiff was] employed to perform." *Bridges*, 875 F.3d at 226.

### B.  Sufficiency of Evidence

Plaintiff, however, still has the responsibility to present evidence sufficient to show the amount and extent of the work he claims he was not compensated for as a matter of just and reasonable inference. *Harvill v. Westward Comm'cns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005).

---

[1] Plaintiff attempts to argue that the time he spent riding out to West Texas and New Mexico in the company truck was to the benefit of Defendant and therefore should be compensable. Document No. 28 at 7–8. However, as the Fifth Circuit recognized in *Bridges*, the Supreme Court dismissed the "predominant benefit test" as overbroad. 875 F.3d at 227. *See Busk*, 135 S. Ct. at 519 ("If the test could be satisfied merely by the fact that an employer required an activity, it would sweep into 'principal activities' the very activities the Portal-to-Portal Act was designed to address. . . . A test that turns on whether the activity is for the benefit of the employer is similarly overbroad.").

(quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), *superseded by statute on other grounds*, Portal-to-Portal Act of 1947, ch. 52, 61 Stat. 84, *as recognized in Busk*, 135 S. Ct. at 516–17). To survive summary judgment on his FLSA claim, Plaintiff must show that there is a disputed issue of material fact on a necessary element of his claim. *See Ragas*, 136 F.3d at 458. To prevail at trial, Plaintiff must show by a preponderance of the evidence that he "has performed work for which [he] alleges [he] was not compensated." *Harvill*, 433 F.3d at 441. Plaintiff must present "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson*, 328 U.S. at 687. "The evidence of hours worked need not be perfectly accurate as long as it provides a sufficient basis to calculate the number of hours worked." *Little v. Tech. Specialty Prods., LLC*, 940 F. Supp. 2d 460, 470 (E.D. Tex. 2013). "[A]n unsubstantiated and speculative estimate of uncompensated overtime does not constitute evidence sufficient to show the amount and extent of that work as a matter of just and reasonable inference." *Ihegword v. Harris Cty. Hosp. Dist.*, 929 F. Supp. 2d 635, 668 (S.D. Tex. 2013).

Plaintiff argues that hours were "shaved off" his time and that the time sheets did not record the hours that he actually worked. Document No. 28 at 3. As an example, Plaintiff points to his paystub from May 1, 2015, and the corresponding timesheet, arguing that he was shorted twelve hours. As Defendant points out, however, the hours for one of the days on the timesheet overlap. Document No. 29 at 4. Specifically, on April 18, 2015, the timesheet records Plaintiff as having worked from 12:00AM to 1:30PM and then from 8:00AM to 4:00PM. Document No. 28-1 at 3. As the daily time report indicates, however, this was a typographical error.[2] The timesheet

---

[2] To prevent error and encourage accountability, the lead inspector was required to submit daily time reports for all of his employees, including EMI helpers such as Plaintiff, as soon as possible after the crew had finished the job for the day. Document No. 27 at 5, 54. Every two weeks when it was time to issue paychecks, the inspectors summarized these daily reports into timesheets. *Id.* If there was ever a dispute between the timesheets and the daily

should have recorded Plaintiff as working from 12:00AM to 1:30**AM** and then from 8:00AM to 4:00PM. This accounts for the twelve hours Plaintiff claims he was "shorted." Plaintiff also claims that his June 12, 2015 paystub fails to pay him for approximately thirty extra hours he worked as indicated on his timesheet. Document No. 28 at 3. However, once again, Defendant refutes Plaintiff's complaint by explaining that while the paystub Plaintiff submitted in evidence was missing thirty hours of pay, Plaintiff had actually received an additional payment for those thirty hours but had not submitted the paystub into evidence. Document No. 29 at 4. Defendant then supplemented the record with the missing paystub showing that Plaintiff was indeed paid for those thirty hours of overtime. Document No. 30 at 7–8. So Plaintiff's claims that time was "shaved off" his timesheet fail.

     Plaintiff also argues that the timesheets did not record all of the hours he actually worked. Plaintiff claims that the hours on the timesheets and the daily reports did not reflect compensable drive time from the shop to the jobsite. Document No. 28 at 3–4. Plaintiff estimated in his deposition that he was not compensated for eight to ten hours of drive time per week. Document No. 28-2 at 6. Plaintiff submitted several handwritten notes documenting the hours he worked from October 25, 2015–November 21, 2015. Document No. 28-8 at 1–4. He argues that those notes show that he was not paid for all of the hours that he worked because his handwritten notes indicate that he worked more hours than Defendant's timesheets show.

     Plaintiff's handwritten notes, while admissible, are problematic because they do not separate drive time from work time. In his deposition, Plaintiff testified that the hours set down in the notes include both noncompensable drive time (drive time to/from jobsites in West Texas or New Mexico from/to South Texas and drive time from home or the company apartment in West Texas to the shop or jobsite and back) and the time he was working in the shop or on the

---

reports, the company referred to the daily reports. *Id.* at 71.

rig. Document No. 27 at 37. Further, these notes show only about a month of the time that Plaintiff alleges he was underpaid. Plaintiff claims that he was underpaid for several months, so the notes are insufficient to meet Plaintiff's burden to show the amount and extent of the work for which he was not compensated. *See Kirk v. Invesco, Ltd.*, 700 F. App'x 334, 337 (5th Cir. 2017) ("Given that Kirk has presented only evidence of sporadic instances during which she worked outside of typical work hours . . . , we hold that she has failed to present sufficient evidence allowing a just and reasonable inference that she worked overtime.").

Further, the evidence that Plaintiff has presented is insufficient to reasonably calculate the hours that he alleges he was underpaid. As stated above, the handwritten notes show sporadic compensable worktimes at best or include noncompensable drive time at worst. Additionally, Plaintiff's deposition testimony that he was not compensated for eight to ten hours per week of drive time is not sufficient evidence that those hours were compensable or that his estimate is accurate such that the Court could reasonably calculate Plaintiff's damages. At his deposition, Plaintiff testified that he was unable to calculate how much overtime he was alleging the company did not pay him. Document No. 27 at 19, 21, 35, and 43. Plaintiff's estimation is unsubstantiated and speculative, and as such does not constitute evidence sufficient to raise an issue of material fact for trial; especially where Defendant maintained records of Plaintiff's work hours that Plaintiff acknowledges were reported correctly.[3] *See Kirk*, 700 F. App'x at 337 (holding that plaintiff's evidence of emails sent and received outside of work hours was insufficient to show that she worked overtime during any given week because the emails were only presented in two- to three-day snapshots over the course of three years; accordingly, "the mere existence of emails sent outside of normal work hours does not raise a justifiable inference

---

[3] Plaintiff stated several times during his deposition that he had no reason to believe that the work times that his supervisors reported for him were inaccurate or incorrect. Document No. 27 at 17, 41.

that [plaintiff] worked any overtime during the relevant time period"); *Oti v. Green*, No. 4:13-CV-816-A, 2015 WL 329216, at *3 (N.D. Tex. Jan. 23, 2015) ("Aside from plaintiff's admitted guess as to how many overtime hours she worked, she has produced no factual allegations as to when those hours were worked, what work was accomplished, or for how many of those hours she was not paid."); *Little*, 940 F. Supp. 2d at 471 (holding that plaintiff's handwritten timesheets and paychecks were "insufficient to demonstrate the hours worked by [p]laintiff and which hours [p]laintiff was compensated for, and those which he was not compensated for"); *Ihegword*, 929 F. Supp. 2d at 668 (holding that "plaintiff's unsubstantiated assertion that 'to the best of her memory' she worked an average of twelve hours per week of overtime w[as] insufficient to raise a reasonable inference of the amount of overtime that she worked"). Because Plaintiff has failed to present sufficient summary judgment evidence to raise a genuine issue of material fact for trial on the essential elements of his claim, Defendant's motion for summary judgment must be granted. *See Nat'l Ass'n of Gov't Emps.*, 40 F.3d at 712 (holding that where the nonmoving party bears the burden of proof at trial, it "must come forward with evidence to support the essential elements of its claim").

## CONCLUSION

The Court, after considering the motions and responses filed by the parties and the summary judgment evidence included in the record, concludes, for the reasons set forth above, that Defendant's Motion for Summary Judgment (Document No. 25) should be granted. The Court finds that there is no genuine issue of material fact present in the case. As a result, Defendant is entitled to summary judgment as a matter of law. Accordingly, it is hereby

ORDERED that Defendant's Motion for Summary Judgment (Document No. 25) is GRANTED and the case is DISMISSED.

SIGNED at Houston, Texas, this 15th day of December, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE